> **Washington State**
> **Office of the Attorney General**
> Acknowledged Receipt, this 4th day
> of February, 2020, Time: 10 AM
> in Tumwater, Washington.
> Signature: _Steve P_
> Print Name: Steve Puz
> **Assistant Attorney General**

SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THURSTON COUNTY

| | |
|---|---|
| MADELEINE BARLOW, individually, | No. |
| Plaintiff, | |
| v. | **SUMMONS** |
| STATE OF WASHINGTON d/b/a Washington State University, | |
| Defendant. | |

TO DEFENDANT:

A lawsuit has been started against you in the above-entitled court by the plaintiff identified in the caption of this document. Plaintiff's claims are stated in the written complaint, a copy of which is served upon you with this summons.

In order to defend against this lawsuit, you must respond to the complaint by stating your defense in writing, and by serving a copy upon the person signing this summons within 20 days after the service of this summons, excluding the day of service, or a default judgment may be entered against you without notice. A default judgment is one where the plaintiff is

SUMMONS - 1 of 2

CONNELLY LAW OFFICES, PLLC
2301 North 30th Street
Tacoma, WA 98403
(253) 593-5100 Phone - (253) 593-0380 Fax

entitled to what he asks for because you have not responded. If you serve a notice of appearance on the undersigned person, you are entitled to notice before a default judgment may be entered.

If you wish to seek the advice of an attorney in this matter, you should do so promptly so that your written response, if any, may be served on time.

This summons is issued pursuant to Civil Rule 4 of the Superior Court of the State of Washington.

DATED this 28th day of January, 2020.

CONNELLY LAW OFFICES, PLLC

By _____
Amanda M. Searle, WSBA No. 42632
Meaghan M. Driscoll, WSBA No. 49863
Attorneys for Plaintiffs

> **Washington State**
> **Office of the Attorney General**
> Acknowledged Receipt, this 4th day
> of February, 20 20, Time: 10 AM
> in Tumwater, Washington.
> Signature: _____
> Print Name: Steve Puz
> **Assistant Attorney General**

SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THURSTON COUNTY

MADELEINE BARLOW, individually,

Plaintiff,

v.

STATE OF WASHINGTON d/b/a Washington State University;

Defendant.

No.

**COMPLAINT**

COMES NOW the above-named Plaintiff, by and through her attorneys of record, Amanda M. Searle and Meaghan M. Driscoll of Connelly Law Offices, PLLC, and by way of claim avers and alleges on personal knowledge as to her own actions, and on information and belief as to all other matters, as follows:

**I. INTRODUCTION**

1. This case arises from Defendant Washington State University allowing and enabling a known sexual predator male student to continue a demonstrated and proven pattern of sexually harassing and assaulting female students attending Washington State University.

COMPLAINT - 1 of 12

CONNELLY LAW OFFICES, PLLC
2301 North 30th Street
Tacoma, WA 98403
(253) 593-5100 Phone - (253) 593-0380 Fax

2. Plaintiff Madeleine Barlow is a young woman who began her freshman year at the Washington State University ("WSU"), Pullman campus in the fall of 2017. She was the last in a long string of female WSU students sexually assaulted and targeted by fellow WSU student Thomas Culhane. Defendant WSU had direct knowledge of reports of sexual harassment and assault from many of Culhane's victims dating back to April of 2016. Culhane was a predator with a very specific prey- young women with jet black hair and fair complexions.

3. Defendant WSU had direct knowledge that Culhane was a sexual predator who engaged in sexual harassment, stalking, and sexual assault. Upon learning of Culhane's predatory behavior, Defendant failed to meaningfully intervene and protect its female students. Rather, Defendant WSU "moved the problem". Despite Culhane being on probation for sexual misconduct, Defendant WSU allowed him to transfer from the Vancouver campus - a smaller commuter campus where he had engaged in sexual harassment and assault; to the Pullman campus - a larger residential campus.

4. As a result, Culhane was given unfettered access to a new and larger pool of potential victims that fit his profile. Within weeks he raped Plaintiff Barlow.

5. Mere weeks prior to the rape, a previous victim warned Defendant WSU that she was deeply concerned for the safety of female students at the Pullman campus if Culhane was allowed to transfer. WSU blatantly and recklessly ignored this warning.

6. Three weeks after Culhane was allowed to transfer to the Pullman campus, he raped Plaintiff.

7. On or about March 28th, 2019, a Whitman County jury convicted Thomas Culhane of raping Plaintiff.

## II. PARTIES

8. Defendant, WASHINGTON STATE UNIVERSITY (hereinafter "WSU") is a university in the state of Washington and state institution of higher education, as established and defined in RCW 28B.10.016 and RCW Chapter 28B.30. WSU Pullman is Defendant's flagship campus. WSU Vancouver is one of six WSU campuses located throughout Washington State as established and defined in RCW 28B.45.040. WSU is a place of public accommodation and receives federal funding.

9. Plaintiff, MADELEINE BARLOW, attended Washington State University at the Pullman Campus beginning in August 2017 as a freshman. She was eager to begin her studies in psychology. Tragically, she was victimized by Culhane before even beginning her coursework. Despite the trauma and hardship, Plaintiff continued her studies and graduated in December 2019.

## III. JURISDICTION & VENUE

10. Venue is proper and this court has personal and subject matter jurisdiction over the Defendant.

11. Plaintiff has properly filed an Administrative Tort Claim with the State of Washington pursuant to RCW 4.92 *et seq*. All administrative pre-filing conditions have been met.

## IV. STATEMENT OF FACTS

12. In August 2017, Defendant Washington State University made a formal determination that a male student at the WSU Vancouver campus had committed sexual misconduct, engaged in discriminatory and harassing behavior, sexual harassment, and abuse of others.

CONNELLY LAW OFFICES, PLLC
2301 North 30th Street
Tacoma, WA 98403
(253) 593-5100 Phone - (253) 593-0380 Fax

13. The finding of fact centered around the male student's sexual assault and harassment of a female student while on a school-sponsored recreational surfing trip through WSU Vancouver.

14. Subsequent to a formal complaint by the female victim and a formal investigation, Defendant WSU determined the following: the male student, Tommy Culhane, committed sexual misconduct in violation of WAC 504-26-221, discriminatory harassment in violation of WAC 504-26-220, sexual harassment in violation of Defendant's Executive Policy Number 15 and WAC 504-26-227, and engaged in behavior "that harmed the health, safety, and welfare of another, resulting in a violation of WAC 504-26-204, abuse of others."

15. The above was not the only complaint of sexual harassment and assault lodged against Culhane by a female student of WSU Vancouver. Beginning in April 2016, Culhane had been the subject of a number of other complaints and reports by female WSU Vancouver students, including reports of Culhane engaging in stalking and sexual harassment. Each of these women fit a specific profile, with jet black hair and a fair complexion.

16. In response to the official findings and other complaints regarding Culhane, Defendant decided to "move the problem".

17. In August 2017 Defendant allowed Culhane to transfer from the WSU Vancouver campus to the WSU Pullman campus.

18. Prior to Defendant allowing Culhane to transfer from Vancouver to Pullman, one of his victims gave Defendant a dire warning. On or around June 1, 2017 Defendant was told by one of Culhane's sexual assault victims that she was concerned for female students at the Pullman campus once Culhane was allowed to transfer. Defendant ignored the warning and allowed him to transfer anyways. The predictable ensued.

COMPLAINT - 4 of 12

CONNELLY LAW OFFICES, PLLC
2301 North 30th Street
Tacoma, WA 98403
(253) 593-5100 Phone - (253) 593-0380 Fax

19. Culhane transferred from WSU Vancouver to WSU Pullman and was scheduled to begin his fall quarter at WSU Pullman at the end of August.

20. Defendant issued its formal decision finding Culhane guilty of sexual harassment, sexual misconduct, and abuse on August 1, 2017.

21. Three weeks after, on August 20th, 2017, Culhane raped Plaintiff.

22. Inexplicably, when Culhane transferred from WSU Vancouver to WSU Pullman, Defendant did not impose any limitations or supervision on Culhane. Defendant allowed him to live off-campus and without supervision.

23. Culhane was on "disciplinary probation" in August 2017, including the date he raped Plaintiff.

24. It was August 2017 when Plaintiff Madeleine Barlow was beginning her first semester as a psychology major freshman at Defendant Washington State University's Pullman campus. She was entering as an honors student after completing several college credits through Clark College.

25. On August 19, 2017, just a few days before classes began, Thomas Culhane hosted an apartment-warming party which Plaintiff attended with her friend. Both Plaintiff Barlow and her friend decided early in the night to stay at the apartment that night to avoid the risks of trying to get home while intoxicated.

26. Unbeknownst to Barlow, at the time of this party, Culhane had been the subject of multiple sexual harassment complaints made by female students of the WSU Vancouver Campus and that an investigation concluded earlier that same month had found him guilty of sexual misconduct.

27. Also unbeknownst to Barlow, her physical appearance was an exact match for Culhane's choice of victim, a young woman with jet black hair and a fair complexion.

28. As the party was ending, just after midnight on August 20, 2017, Barlow wrapped herself in a blanket and prepared to go to sleep on the couch of the apartment. Culhane took this as an opportunity. He sat next to Barlow on the couch and attempted to get under the blanket with her. Culhane proceeded to insert his fingers into Barlow's vagina while she held his wrist in an attempt to get him to stop. Culhane continued, becoming more aggressive. At one point, Culhane noticed he had caused Barlow to bleed, he escorted her to the shower to wash the blood but did not let up. He ensued his efforts to insert himself in her. They then returned to the living room where the assault continued. As Barlow began to scream, Culhane covered her mouth and placed his hands on her throat.

29. When Culhane finally stopped, Barlow remained on the floor of his living room, unable to move and attempting to recover, for the rest of the night. The following morning, she contacted friends who supported her in reporting the sexual assault.

30. On or about March 28th, 2019, a jury convicted Thomas Culhane of raping Plaintiff.

31. Defendant WSU was directly aware that Culhane had a history of sexual assault, sexual harassment, and sexual misconduct. Defendant was even directly warned that his behavior would continue and escalate, yet it failed to take the actions necessary to protect its students from his predatory behavior.

32. As a direct and proximate result of Defendant WSU's actions and failure to act, as set forth above and in other respects, Plaintiff suffered emotional distress, anguish, humiliation and other general and special damages that will be proven with specificity at the

CONNELLY LAW OFFICES, PLLC
2301 North 30th Street
Tacoma, WA 98403
(253) 593-5100 Phone - (253) 593-0380 Fax

time of trial. By way of example, the entirety of Barlow's college career at WSU was encompassed by meetings with law enforcement, victim's advocates, and counselors. She missed classes and fell behind in schoolwork due to hearings along with the general stress and anxiety caused by the sexual assault.

33. To this day, Plaintiff Barlow struggles with the lasting effects of this preventable trauma.

V. **CAUSES OF ACTION: NEGLIGENCE AND DISCRIMINATION IN VIOLATION OF RCW 28B.110 *et seq.* AND RCW 49.60 *et seq.***

34. Plaintiff realleges and incorporates by reference paragraphs 1 through 33.

35. Defendant WSU owes a common law legal duty to exercise reasonable care towards its students to act reasonably in view of foreseeable risks of dangers to students.

36. Defendant holds a special protective relationship with the students in its care. The University must protect the students in its care against reasonably foreseeable harms; the school also has a duty to control students in its care and a duty to provide a safe, orderly learning environment. Here, Defendant owed a duty of care to Plaintiff to protect her from reasonably foreseeable harms. Defendant had knowledge and notice of the sexually predatory conduct of the offending male student, among other knowledge and notice, and failed to take reasonable steps to protect Plaintiff from harm.

37. Defendant owes a duty of care to its students to protect them from state-created danger.

38. Defendant breached the duty of care it owed to Plaintiff when, among other acts and omissions, it placed her in direct danger of sexual assault by Culhane.

39. Defendant breached the duty of care it owed to Plaintiff to protect her from known and reasonably foreseeable dangers, when it failed to enforce rules, statutes, and violated its own policies and generally accepted procedures, designed to protect its students from the predatory and sexually assaultive actions of the offending male student and others.

40. Defendant failed to train and supervise its employees on its own policies and about the danger that some students pose a risk of sexually assaulting other students. By failing to train and supervise its employees on these dangers, and critical policies, employees failed to report, investigate, and stop the predatory behaviors of the offending male student. Because employees were not trained, the predictable ensued.

41. Defendant owed a duty of care to its students, namely Plaintiff, to comply with the Washington Law Against Discrimination's prohibitions against gender-based discrimination and to protect her from such acts of sexual assault and harassment.

42. Defendant Washington State University has a legal duty to take reasonable precautions to protect its students from gender discrimination, including but not limited to sexual assault.

43. "Rape is unquestionably among the most severe forms of sexual harassment.... It imports a profoundly serious level of abuse into a situation that, by law, must remain free of discrimination based on sex. Being raped is, at minimum, an act of discrimination based on sex." *Little v. Windermere Relocation, Inc.*, 301 F.3d 958, 967–68 (9th Cir. 2002).

44. Defendant WSU had knowledge and notice that male student Culhane was the perpetrator of incessant sexual harassment on the basis of gender. Defendant's actions, and its failures to intervene in any meaningful way, were clearly unreasonable in light of known circumstances, as set forth above and in other respects.

45. Defendant WSU owed a duty to Plaintiff to enforce and monitor student safety, including compliance with discrimination and harassment laws and policies. The Defendant failed to take prompt and effective steps reasonably calculated to end the sexual assaults and harassment, eliminate any hostile environment and its effects, and prevent the harassment from recurring, as set forth above and in other respects.

46. Defendant WSU violated its legal duties and discriminated against Plaintiff when it enabled Thomas Culhane to continue to have access to sexually harass and assault female students, specifically, Plaintiff Barlow, after multiple and consistent reports that Culhane was a danger to female students as set forth above and in other respects.

47. The Washington Law Against Discrimination (WLAD), RCW 49.60 *et seq.*, prohibits gender-based discrimination at places of public accommodation.

48. Defendant is a place of public accommodation.

49. Defendant WSU, as a place of public accommodation, is directly liable for the discriminatory and harassing actions of its employees and/or agents.

50. Defendant denied and deprived Plaintiff of the full enjoyment and benefits of a public learning institution by failing to protect her and allowing a sexual predator to attack her.

51. Each of the aforementioned negligent, grossly negligent, reckless, and deliberately indifferent acts and omissions by the Defendant, as set forth above and in other respects, is a proximate cause of injuries to the Plaintiff. The damages suffered by Plaintiff Barlow are a direct and proximate result of the Defendant's failures, omission, and breaches of its duty of care owed to Plaintiff.

52.     As a direct and proximate cause of the actions set forth herein, Plaintiff suffered emotional distress, anguish, humiliation, loss of consortium, and other general and special damages that will be proven with specificity at the time of trial.

### VI.     DISCRIMINATION IN VIOLATION OF TITLE IX

53.     Plaintiff realleges and incorporates by reference paragraphs 1 through 52.

54.     Defendant's conduct, as set forth above and in other respects, violated Title IX of the Education Amendments of 1972 (Title IX), 86 Stat. 373, as amended, 20 U.S.C. § 1681 *et seq.*

55.     Title IX guarantees that "[n]o person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance." 20 U.S.C. § 1681(a).

56.     Sexual assault is sexual harassment and discrimination based on sex under Title IX.

57.     Defendant receives federal financial assistance and must comply with Title IX.

58.     Plaintiff was a student of Defendant WSU at the time of the sexual assault and through December 2019.

59.     Defendant WSU violated Title IX when, among other examples, it allowed a known sexual predator to simply move from one campus to another. In doing so, Defendant placed Plaintiff in direct and foreseeable danger of sexual assault.

60.     Defendant had actual knowledge of Culhane's demonstrated pattern and history of sexual harassment and assault.

61. Likewise, Defendant had actual knowledge Culhane was a sexual predator who would strike again.

62. Defendant was deliberately indifferent to Culhane's known acts of sexual harassment and sexual assault and the all-but-certain inevitability he would sexually assault another female victim. By way of example, "moving the problem" of Culhane from Vancouver to Pullman was clearly unreasonable in light of known circumstances. It was known and determined that Culhane was a sexual predator with a very particular type of victim.

63. At the time Plaintiff was sexually assaulted by Culhane, he was under the school's discipline authority.

64. As a direct and proximate cause of Defendant's Title IX violations, Plaintiff was sexually assaulted and raped.

65. The sexual assault and rape was so severe, pervasive, and objectively offensive that Plaintiff was deprived of equal access to the educational opportunities and benefits provided by Defendant, a public university.

66. Plaintiff has been required to retain attorneys to prosecute this action and Plaintiff is entitled to recover her attorney fees and reasonable costs incurred herein pursuant to 42 U.S.C. § 1988.

## V.   PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests judgment against Defendant Washington State University:

(a) Awarding general and special damages in an amount to be proven at trial;

(b) Awarding reasonable attorneys' fees, costs, pursuant to RCW 49.60, 42 U.S.C. § 1988, and otherwise, and any and all applicable interest on the judgment,

pursuant to Washington statutes and otherwise; and

(c) Awarding such other and further relief as the Court deems just and proper under the circumstances of this case.

DATED this 28th day of January, 2020.

CONNELLY LAW OFFICES, PLLC

By _____
Amanda M. Searle, WSBA No. 42632
Meaghan M. Driscoll, WSBA No. 49863
Attorneys for Plaintiffs

CONNELLY LAW OFFICES, PLLC
2301 North 30th Street
Tacoma, WA 98403
(253) 593-5100 Phone - (253) 593-0380 Fax